UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSHUA KEITH BOYER,
    Plaintiff,

vs.                04-1042

BRIAN FARLIN, et. al.,
    Defendants.

ORDER

This cause is before the court for consideration of the defendant's motion to dismiss and/ or motion for summary judgement. [d/e 19] Since the defendants are asking the court to consider matters outside the pleadings, the court will consider this motion only as a motion for summary judgement. The plaintiff was provided adequate time to file a response.

I. BACKGROUND

The plaintiff, Joshua Boyer, originally brought this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). On March 16, 2005, the court conducted a merit review of the plaintiff's second amended complaint and found that the plaintiff had adequately alleged the following claims:

    1) Defendant Brian Farlin violated the plaintiff's Eighth Amendment rights when
    he failed to protect the plaintiff against inmate attack in January and February of 2002.
    The claim is against Defendant Farlin in his individual capacity only.
    2) A Federal Tort Claims Act against the United States based on the negligent action
    of Defendant Farlin. *See* March 17, 2005 Court Order.

The defendants have filed a motion to dismiss and/or motion for summary judgement. The plaintiff has filed a response.

II. FACTS

The plaintiff did not directly respond to the defendants' statement of undisputed facts. The following facts are taken from the dispositive motion, the response, the reply and attached exhibits.

The plaintiff is an inmate at the Federal Correctional Institution in Pekin Illinois. He first arrived at the facility on January 17, 2002. On February 6, 2002, the plaintiff got into an altercation with another inmate named Arnold Haskins. The incident report states that the plaintiff accused Haskins of stealing his radio, and the two got into a fight. Both inmates had injuries. The plaintiff maintains that he only struck Haskins in self-defense, but the Bureau of Prisons disciplines all fighting. The plaintiff was found guilty and lost some good time credits as a result.

The Bureau of Prisons has an administrative remedy program in place. *See* 28 C.F.R. §542.10 *et seq.* Inmates are first encouraged to resolve their complaints informally. If this is insufficient, the inmate may file a formal complaint with the Warden but it must be done within

twenty of the alleged incident. (A "BP-9" form)   The Warden then has twenty days to respond to the complaint.  If the inmate is not satisfied with this response, he may appeal to the Regional Office. (A "BP-10" form)  The Regional Office has 30 days to answer the claim.  If the inmate is still not satisfied, he may file a final appeal with the Central Office in Washington, D.C. (A "BP-11" form)  The Central Office has 40 days to respond.

Senior Attorney for the Bureau of Prisons, Tracy Knutson, says all complaints made by an inmate are recorded and assigned a tracking number.  If the request is accepted, the agency will respond and maintain a copy.  If a request is rejected, the institution does not maintain copies.  In addition, each time a complaint is recorded, an electronic notice is generated.  The prison staff delivers the notices to inmates on a daily basis which informs each inmate if his complaint has been received.

From March, 11, 2002 to April, 2006, the Bureau of Prisons has received and logged 114 administrative remedy filings from the plaintiff.   After the altercation with inmate Haskins, the plaintiff did file an "Inmate Attempt at Informal Resolution". (Plain. Memo, Ex. 4, ) The plaintiff stated that he had frequently complained to Defendant Farlin about "my concerns about being the only white man in the cell with all blacks." *Id.*   The plaintiff also said his radio had been stolen and that had made the situation even worse.  The plaintiff says he believes the incident with Inmate Haskins could have been avoided if he had been moved.

The plaintiff received a response on February 21, 2002, stating that the incident with under investigation and once it was complete he would be advised of his cell assignment.   During the investigation the plaintiff had been moved to the Special Housing Unit.   The plaintiff was also advised that if he felt his safety was in jeopardy, he could request a protective custody assignment.

The plaintiff filed his first formal complaint in March of  2002, Remedy No. 262280.  The plaintiff complained about the response he got to his attempt at informal resolution.  The plaintiff says that the staff should have told him he could request a protect custody assignment when he first complained to them.   The plaintiff received a response on March 12, 2002 from the Warden.  There are no records that indicate the plaintiff filed an appeal to this response.   However, the plaintiff claims he did file an appeal, but he never received a response.

On May 31, 2002, the plaintiff filed another formal complaint.  However, this complaint dealt with the disciplinary ticket, disciplinary hearing and imposed discipline as a result of the altercation with Inmate Haskins.   The plaintiff filed another formal complaint on June 11, 2002, but this one again dealt with the findings at the disciplinary hearing.

On February 6, 2004, the Bureau of Prisons received an administrative tort claim filed by the plaintiff.  On April 7, 2004, the claim was denied and the plaintiff was notified that he had six months to file a lawsuit.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A "material fact" is one that "might affect the outcome of the suit."

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

## IV. ANALYSIS

The defendants argue that the plaintiff has failed to exhaust his administrative remedies as required for both his *Bivens* claim and his claims pursuant to the Federal Tort Claims Act. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The only administrative remedy presented to the court that pertains to the plaintiff's surviving *Bivens* claim against Defendant Farlin is Remedy No. 262280. This is the remedy the plaintiff attempted to resolve informally on February 10, 2002, and then filed a formal request in March of 2002.

The plaintiff alleges that he filed "three separate sets of administrative filings" with regard to his claims against Defendant Farlin. While the plaintiff is allowed some latitude with the specificity of administrative filings, two of the filings the plaintiff refers to are clearly directed at the disciplinary hearing and do not pertain to the plaintiff's claims against Defendant Farlin. Whether or not Defendant Farlin failed to protect the plaintiff is not the same as the plaintiff's claims that the disciplinary report was inaccurate or his claim that his due process rights were denied during the disciplinary hearing. Both of this allegations were dismissed during the merit review of the plaintiff's second amended complaint. *See* March 16, 2005 Court Order.

As for Remedy No. 262280, the Warden denied the plaintiff's request on March 12, 2002. The plaintiff was informed that if he was not satisfied with the response, "you may appeal on the appropriate form to the Regional Director within twenty days from the date of this response." (Plf. App. 7) The plaintiff admits that he received this response. (Plain Memo, p. 7)

The defendants have submitted an affidavit from The Bureau of Prisons's Senior Attorney. Tracey Knudson says she has checked the records of the Bureau of Prisons and states there is no record the plaintiff appealed this decision to either the Regional or Central Office as required.

The plaintiff says he did in fact file an appeal on March 25, 2002.  The plaintiff has not provided the court with a copy of this appeal.  The plaintiff says since he was housed in segregation he was unable to make a copy.  Instead, he has filed his own affidavit stating that he did file the appeal.

The plaintiff says he waited for nearly two months, but received no response.   The plaintiff says he believed since he did not receive a response, he could take no further action on Remedy No. 262280.

The plaintiff does not explain why he took no action when he did not receive a copy of the electronic notice that his appeal had been received.  In addition, the Bureau of Prisons is required to inform the plaintiff if it needs more than 30 days to provide a response to an appeal.  The plaintiff did not receive this notification.  Furthermore, 28 C.F.R. §542.18 provides that "if an inmate does not receive a response within the time allotted for reply...[in this case 30 days]...the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. §542.18 .  Therefore, even if the plaintiff did not received a response, he could still file an appeal.

There is no evidence beyond the plaintiff's affidavit that he did appeal the Warden's response.  However, assuming that the plaintiff did file an appeal to the Regional Office, it clearly was never received.   The plaintiff does not explain why he took no action when he did not receive a copy of the electronic notice that his appeal had been received.  The plaintiff does not explain why he waited two months to take any action and ignored the administrative remedy procedures.   The plaintiff has failed to demonstrate that he exhausted his administrative remedies for this claim.

As for the plaintiff's Federal Tort Claims Act, the plaintiff is also required to exhaust his administrative remedies.   The Federal Tort Claims Act mandates that "[a]n action shall not be instituted...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing..." 28 U.S.C. §2675(a) *McNeil v. United States,* 508 U.S. 106, 107 (1993).

In this case, the plaintiff filed his administrative tort claim on February 6, 2004.   This is the same day the clerk of the court received plaintiff's lawsuit.   The plaintiff's tort claim was denied by the Bureau of Prisons on April 7, 2004, and the plaintiff was advised that if he was dissatisfied with the result, he had six months to file a federal lawsuit. (Plain. Memo, Ex. 95)  The plaintiff did file a second amended complaint which first included his Federal Tort Claim on March 15, 2005.

 The plaintiff failed to fully exhaust his administrative remedies *before* filing this lawsuit.  *See Rice v. United States,* 1997 WL 151136, at 4 (D.N.M. Jan. 10, 1997)("It is not enough that Plaintiff exhausts his administrative remedies while his FTCA claim is pending."); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *Ficken v. Rice,* 2006 WL 123931 at 8 (D.D.C. Jan. 17, 2006).  Even if the court were to somehow find the amended complaint was sufficient, the plaintiff did not file it within six months after receiving notification that his claim had been denied.  The plaintiff has failed to exhaust his administrative remedies for this claim.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 19]  The Clerk of the Court is directed to enter judgment in favor of the**

defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.

2) The agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.

3) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

4)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Enter this __8th_____ day of December, 2006.

                              s\Harold A. Baker
          _____
                              HAROLD A. BAKER
                       UNITED STATES DISTRICT JUDGE